Affirmed and Memorandum Opinion
filed February 18, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01101-CR



The State of
Texas, Appellant 

v.

Anthony Don
Hutchinson, Appellee 



On Appeal from
the 21st District Court

Washington County, Texas

Trial Court
Cause No. 15,237



 

MEMORANDUM OPINION 

Appellee Anthony Don Hutchinson was charged by
indictment with knowingly possessing, with intent to deliver, cocaine in an
amount of four grams or more but less than 200 grams.  He was arrested after a
traffic stop revealed cocaine in his possession.  Appellee filed a motion to
suppress all evidence seized by law enforcement officers in connection with his
detention and arrest, and all written and oral statements made by him to any
law enforcement officials in connection with the case, claiming there was no
reasonable suspicion or probable cause for the initial stop and detention. 
Following a hearing, the trial court granted his motion to suppress and the
State timely filed a notice of appeal.  We affirm.

I.  Background

Deputy Mark Whidden, a patrol deputy with the
Washington County Sheriff’s Office, had previously worked in the local jail. 
As a result of his work in the jail, Whidden knew appellee personally and was
aware that he had been incarcerated for, among other things, driving with a
suspended license.  Sometime before the stop in question in this case, Whidden saw
appellee in a parking lot standing next to a white vehicle.  At that time,
Whidden checked the status of his driver’s license and learned that it was
suspended. 

On March 9, 2008, Whidden saw appellee driving the
white vehicle and pulled him over.  It is undisputed that it was a warrantless
stop.  After stopping appellee, Whidden asked him to exit the vehicle.  He
advised appellee that he knew he did not have a driver’s license; appellee “shruggingly
agreed” while walking to the back of the vehicle.[1]  Whidden
testified that because appellee’s prior offenses would result in a Class B
misdemeanor charge for the current offense, department policy required the
officer to arrest appellee and transport him to jail.  While performing a
pat-down search of appellee, Whidden discovered a large bundle of cocaine
hidden in his sock.  

Appellee filed a motion to suppress the State’s
evidence resulting from the traffic stop.  He asserted that his state and federal
constitutional rights had been violated because Whidden did not have reasonable
suspicion or probable cause to stop and detain him.  At the motion-to-suppress
hearing, Whidden testified that he stopped appellee because the prior driver’s
license check Whidden performed showed a suspended license.  At the hearing,
Whidden stated that he performed that check “within the week” prior to the
March 9, 2008 stop.[2] 

The trial court granted the motion to suppress, but
did not issue any findings of fact or conclusions of law.  The record does not
contain any request for findings of fact or conclusions of law.  This appeal
timely ensued.

II.  Analysis

A.        Standard of
Review

Ordinarily, we apply a bifurcated standard of review
to a trial court’s ruling on a motion to suppress evidence.  Maxwell v.
State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to
the trial court’s determination of historical facts that depend on credibility
and we review the trial court’s application of the law to the facts under a de
novo standard of review.  Maxwell, 73 S.W.3d at 281; Carmouche,
10 S.W.3d at 327.  But when the trial court grants a motion to suppress without
explanation after a hearing, such as this one, where the only evidence is the
testimony of the arresting officer, we apply an “almost total deference”
standard of review to the trial court’s ruling.  State v. Ross, 32
S.W.3d 853, 856 (Tex. Crim. App. 2000) (en banc) (quoting Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  

This deferential standard applies because there may
not be a “concrete” set of facts that may be implied from the trial court’s
ruling.  Id.  For example, the trial court may have disbelieved the
officer on a material fact, or it may not know what the facts are, but, based
on the officer’s demeanor, appearance, and credibility, it knows that the facts
are not what the witness has described.[3] 
Id.  In such a case, the trial court may not have a set of historical
facts to which it may apply the law, and the determination of probable cause
rests entirely on the credibility of the witness.[4]  Id. 
Thus, we must apply the “almost total deference” standard of review to the
trial court’s ruling.  See id.  

B.        Law and
Application

When a police officer conducts a warrantless stop,
the State must show that the officer had reasonable suspicion to believe that
an individual was violating the law.  See Terry v. Ohio, 392 U.S.1, 21
(1968); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); Aviles
v. State, 23 S.W.3d 74, 76–77 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref’d).  A traffic detention is warranted when a person
commits a traffic offense in an officer’s presence.  See Aviles, 23
S.W.3d at 77.  The Texas Transportation Code prohibits a person from operating
a motor vehicle without a proper license.  Tex.
Transp. Code Ann. '
521.021 (Vernon 2007).  A person who operates a vehicle without a valid license
commits a traffic offense.  See id. ' 521.025(c) (Vernon Supp. 2009).  

Here, Whidden stated that he stopped appellee because
he believed appellee was operating his vehicle without a valid driver’s
license.  Whidden testified that he based his belief on the fact that he had
run a license check on appellee within the week before the traffic stop, which
indicated that appellee’s license was suspended.  As noted above, Whidden was
the only witness to testify at the motion-to-suppress hearing.

In Ross v. State, the Court of Criminal
Appeals was presented with a similar situation:  at the motion to suppress
hearing, the only testimony was that of the arresting officer.  32
S.W.3d at 854.  The trial court granted the motion to suppress without entering
findings of fact or conclusions of law, and without giving any indication as to
the basis for its ruling.  Id. The Ross Court concluded that
there were two possible theories that would support the trial court’s ruling: 
(1) the testimony of the arresting officer was credible, but the facts
established by that testimony did not constitute probable cause, or (2) the
trial court did not find the arresting officer’s testimony credible.  Id.
at 856–57.  The Court concluded that the arresting officer’s testimony, if
believed, established probable cause for the defendant’s arrest.  Id. at
857.  Thus, the Ross Court concluded that the trial court did not find
the arresting officer’s testimony credible.  Id.  Employing the “almost
total deference” standard of review, the Court held that the trial court did
not abuse its discretion in granting the motion to suppress.  Id.

Like the Court of Criminal Appeals in Ross, we
conclude that there are two possible theories for the trial court’s ruling in
this case: either Whidden’s testimony was credible, but the facts established
by his testimony do not constitute reasonable suspicion for the initial
detention or probable cause for the arrest, or the trial court did not find
Whidden’s testimony credible.  We conclude that Whidden’s testimony, if
believed, added up to reasonable suspicion for the initial stop.[5]  Yet the
trial court granted appellee’s motion to suppress.  Thus, we must conclude that
the trial court, as the sole trier of fact and judge of credibility, did not
find Whidden’s testimony credible.  And the trial court was not required to believe
Whidden’s testimony, even if uncontroverted.  See id.  In other words,
the trial court had discretion to disbelieve the testimony of Whidden.  See
id.  Applying the “almost total deference” standard of review mandated by
the facts of this case, we cannot say the trial court abused its discretion in
granting the motion to suppress.  See id.  We therefore overrule the
State’s issue.

II.  Conclusion

Having overruled the
State’s sole issue, we affirm the trial court’s ruling.

 

                                                                                    

                                                            /s/                    Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Anderson,
and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
When he pulled appellee over, Whidden called
dispatch to report where he was and who he was with.  A license check was again
initiated, but Whidden did not have the results at the time he engaged appellee
in conversation or discovered the contraband.





[2] After the hearing, however, the State filed a
correction to Whidden’s testimony.  The State attached records showing the
driver’s license check had actually occurred approximately twenty days before
the March 9, 2008 stop.  





[3]
In a motion-to-suppress hearing, the trial court is the sole trier of fact and
the sole judge of the credibility of the witnesses and the weight to be given
their testimony.  Id. at 856.  





[4]
We recognize that the Court of Criminal Appeals
recently modified State v. Ross, and concluded that where the losing
party requests findings of fact and conclusions of law, the trial court must
issue them so that the reviewing court will know the basis of the trial court’s
ruling.  See State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App. 
2006).  However, in those cases where the losing party does not request
findings of fact or conclusions of law, as in this case, the standards of
review set forth in Ross continue to control.  Id.





[5] 
As noted supra, the State supplemented the
record with evidence that Whidden did run a license check on appellee sometime
prior to the traffic stop; however, the check was actually run twenty days
before the traffic stop, not the “less than a week” timeframe to which Whidden
testified at the suppression hearing.